IN THE UNITED STATES DISTRICT COURT FOR THE
WESTER DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JAN OATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| EMPOWER RETIREMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendant Empower Retirement, LLC ("Defendant"), hereby removes to this Court the state court action styled, *Jan Oates v. Empower Retirement, LLC.,* Case No. 2216-CV24575, currently pending in the Circuit Court of Jackson County, Missouri. Defendant removes this case on grounds of federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332, as provided for in 28 U.S.C. § 1441. In support of its Notice of Removal, Defendant states as follows:

### PROCEDURAL POSTURE AND VENUE

1. On October 19, 2022, Plaintiff Jan Oates ("Plaintiff") filed a Petition in the Circuit Court of Jackson County, Missouri, styled as *Jan Oates v. Empower Retirement LLC,* Case No. 2216-CV24575 (the "State Court Action").

2. Plaintiff's Petition filed in the State Court Action asserts claims against Defendant for discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA") on the basis of age and race (Counts I-V) and race discrimination and retaliation in violation of 42 U.S.C. § 1981 (Counts VI-VII).

3. On January 12, 2023, Defendant was served with the Summons and a copy of the Petition in the State Court Action.

4. Defendant is filing this Notice of Removal within thirty (30) days after service of the Summons and Complaint. The date on or before which Defendant is required by law to remove this action is February 13, 2023. Therefore, this Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446(b).

5. The Circuit Court of Jackson County, Missouri is located within the Western District of Missouri. 28 U.S.C. § 105(b)(1). Thus, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending." 28 U.S.C. § 1441(a).

6. In accordance with 28 U.S.C. §1446(a) a copy of the entire court file in the State Court Action, including the docket sheet, all pleadings and papers that have been filed and served on all Defendants in the State Court Action, is attached to this Notice as **Exhibit A**. Plaintiff has not served upon Defendant any other process, pleadings, or orders.

7. Defendant will promptly, upon filing this Notice of Removal, give written notice to Plaintiff's counsel and will file a copy of this Notice of Removal with the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. §1446(d). Attached to this Notice as **Exhibit B** is a copy of *Defendant's Notice of Removal to Federal Court*, which is being filed in the Circuit Court of Jackson County, Missouri. Exhibits A and B together constitute all records and proceedings had in the State Court Action.

### THIS COURT HAS ORIGINAL FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S CLAIMS

8. In her Petition, Plaintiff asserts a claim under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.* (*See* Counts VI and VII of Plaintiff's Petition.)

9. Accordingly, this Court has original federal question jurisdiction under 28 U.S.C. §1331 because the allegations in Plaintiff's Petition are based on a claim asserted under the laws of the United States of America.

## THIS COURT HAS DIVERSITY JURISDICTION OVER PLAINTIFF'S CLAIMS

10. The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

### DIVERSITY OF CITIZENSHIP

11. Plaintiff is now and was at the time the State Court Action was commenced, a resident and citizen of the State of Missouri. (Exhibit A, Petition, ¶ 2).

12. Defendant is, and was at the time this lawsuit was filed, a limited liability company formed under the laws of the State of Colorado, with its principal place of business located in Greenwood Village, Colorado. (**Exhibit C**, Declaration of Elizabeth Hernandez, ¶ 4).

13. The citizenship of a limited liability company is determined by the citizenship of all of its members. *See E3 Biofules, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015).

14. Defendant's sole member is Empower Annuity Insurance Company of America, which is a Colorado corporation whose principal place of business is in Greenwood Village, Colorado. (**Exhibit C**, Declaration of Elizabeth Hernandez, ¶ 5.)

15. A corporation's citizenship is the corporation's state of incorporation and the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). Therefore, Defendant is a citizen of the state of Colorado.

16. Because Plaintiff is a citizen of Missouri and Defendant is a citizen of Colorado, complete diversity exists in this case.

### AMOUNT IN CONTROVERSY

17. Defendant denies liability and denies Plaintiff's assertion of damages. Plaintiff alleges no specific amount in controversy. However, based upon Plaintiff's allegations the alleged amount in controversy is more than $75,000, exclusive of costs and interest.

18. The standard for determining whether a plaintiff's claim meets the amount in controversy is whether "a fact finder could legally award more than $75,000." *Smith v. AT&T*, 2020 WL 2061206 No. 4:19-CV-881-RK (W.D. Mo Apr. 29, 2020).

19. Courts will consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Co. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992). In this lawsuit, Plaintiff is requesting actual damages, compensatory and punitive damages, and reasonable attorneys' fees. (*See* **Exhibit A**, Petition, Wherefore clauses of Counts I through VII.)

20. More specifically, Plaintiff seeks to recover damages for loss of income and benefits as well as "humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress." (*See e.g.* Exhibit A, Petition, ¶¶ 141-142.) While "awards for pain and suffering are highly subjective and should be committed to the sound discretion of the jury," *Frazier v. Iowa Beef Processors, Inc.*, 200 F.3d 1190, 1193 (8th Cir. 1999), damages for emotional distress can range well into the six figures. *See Eich v. Bd. of Regents for C.M. St. Univ.*, 350 F.3d 752, 763-64 (8th Cir. 2004) (reinstating $200,000 verdict for non-economic damages related to emotional distress under Title VII and MHRA and citing to a number of cases, including

*Kucia v. Se. Ark. Cmty. Action Corp.,* 284 F.3d 944, 947-48 (8th Cir. 2002) (upholding $50,000 in compensatory damages for emotional distress in race discrimination case).

21. Plaintiff also seeks an award of punitive damages. (*See e.g.* Exhibit A, Petition, ¶ 144.) It is well established that punitive damages are included in the calculation to determine the amount in controversy. *Allison*, 980 F.2d at 1215 (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)). Plaintiff has the burden to show that Defendant's conduct was "outrageous because of its evil motive or reckless indifference to the rights of others." *Browning v. President Riverboard Casino-MO.*, 139 F.3d 631, 636-37 (8th Cir. 1998) (quoting *Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051, 1062 (8th Cir. 1993)). If successful, however, the potential recovery of punitive damages could, by itself, exceed the jurisdictional requirement for diversity jurisdiction.

22. Finally, Plaintiff seeks attorneys' fees. (*See e.g.* Exhibit A, Petition, ¶ 145.) The Eighth Circuit permits the Court to consider attorneys' fees in determining the amount in controversy. *Capital Indem. Corp*, 978 F.2d at 438. In this case, Plaintiff's counsel likely will seek to recover attorneys' fees well in excess of $75,000 should Plaintiff prevail.

23. Accordingly, Defendant has proven by a preponderance of the evidence that the amount in controversy, inclusive of actual damages, and attorneys' fees, far exceeds $75,000.

WHEREFORE, for the above and foregoing reasons, Defendant hereby notifies this Court, Plaintiff, and the Circuit Court of Jackson County, Missouri that the above-captioned matter, now pending against it in the Circuit Court of Jackson County, Missouri has been removed to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441.

Respectfully submitted,

/s/ *Melody L. Rayl*

| | |
|---|---|
| Melody L. Rayl | Mo Bar # 60362 |
| Samantha J. Monsees | Mo Bar # 65545 |

FISHER & PHILLIPS LLP
4622 Pennsylvania, Ave., Suite 910
Kansas City, MO 64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email: mrayl@fisherphillips.com
Email: smonsees@fisherphillips.com

ATTORNEYS FOR DEFENDANT
EMPOWER RETIREMENT, LLC

CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, a true and correct copy of the above and foregoing was filed using the Court's CM/ECF System and will also be sent via U.S. Mail to the following counsel of record:

Mark N. Middleton
Megan Lowe Stiles
CORNERSTONE LAW FIRM
5821 NW 72nd Street
Kansas City, MO 64151
TEL: (816) 581-4040
FAX: (816) 741-8889
Email: m.middleton@cornerstonefirm.com
Email: m.stiles@cornerstonefirm.com

ATTORNEYS FOR PLAINTIFF

/s/ *Melody L. Rayl*
Attorney for Defendant