# EXHIBIT A



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff P_SSW0RD50

**2216-CV24575 - JAN OATES V EMPOWER RETIREMENT, LLC (E-CASE)**

| Case | Parties & | Docket | Charges, Judgments | Service | Filings | Scheduled | Civil | Garnishments/ |
| FV | Attorneys | Entries | & Sentences | Information | Due | Hearings & Trials | Judgments | Execution |

**Click here to eFile on Case**            Sort Date Entries: ○ Descending      Display Options:
Click here to Respond to Selected Documents                    ● Ascending        [All Entries ▼]

---

**10/19/2022**  ☐ **Pet Filed in Circuit Ct**
Petition for Damages; Exhibit 1 - Charge of Discrimination; Exhibit 2 - Notice of Right to Sue.
> **Filed By:** MARC NELSON MIDDLETON
> **On Behalf Of:** JAN OATES

☐ **Filing Info Sheet eFiling**
> **Filed By:** MARC NELSON MIDDLETON

☐ **Judge Assigned**

☐ **Designation of Lead Attorney**
Designation of Lead Attorney.
> **Filed By:** MARC NELSON MIDDLETON
> **On Behalf Of:** JAN OATES

☐ **Motion Special Process Server**
Motion and Order for Private Process Server.
> **Filed By:** MARC NELSON MIDDLETON
> **On Behalf Of:** JAN OATES

**10/27/2022**  ☐ **Case Mgmt Conf Scheduled**
> **Scheduled For:** 02/09/2023;  1:30 PM ;  JERRI J ZHANG;  Jackson - Kansas City

☐ **Order - Special Process Server**

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-9748, for EMPOWER RETIREMENT, LLC.

**12/22/2022**  ☐ **Entry of Appearance Filed**
Entry of Appearance, Electronic Filing Certificate of Service.
> **Filed By:** MEGAN ELIZABETH LOWE STILES
> **On Behalf Of:** JAN OATES

☐ **Alias Summons Requested**
ALIAS SUMMONS REQUEST; Electronic Filing Certificate of Service.
> **Filed By:** MEGAN ELIZABETH LOWE STILES
> **On Behalf Of:** JAN OATES

**12/28/2022**  ☐ **Designation of Lead Attorney**
Entry of Appearance and Designation of Lead Attorney; Electronic Filing Certificate of Service.
> **Filed By:** MARC NELSON MIDDLETON
> **On Behalf Of:** JAN OATES

**01/06/2023**  ☐ **Summons Issued-Circuit**

Document ID: 23-SMCC-181, for EMPOWER RETIREMENT, LLC.

**01/23/2023**  ☐ **Order Amended**

Amended Order for Case Management Conference on February 9, 2023 at 1:30 PM via telephone. Please call the toll-free number 1-877-873-8017 and enter the access code 9926835.

**01/26/2023**  ☐ **Notice of Service**

Affidavit of Service; Electronic Filing Certificate of Service.

**Filed By:** MEGAN ELIZABETH LOWE STILES
**On Behalf Of:** JAN OATES

☐ **Corporation Served**

Document ID - 23-SMCC-181; Served To - EMPOWER RETIREMENT, LLC; Server - ; Served Date - 12-JAN-23; Served Time - 09:30:00; Service Type - Special Process Server; Reason Description - Served; Service Text - JOANNA CHAPMAN INTAKE SPECIALIST

Electronically Filed - Jackson - Kansas City - October 19, 2022 - 02:57 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | | |
|---|---|---|
| **JAN OATES** | ) | |
| c/o Cornerstone Law Firm | ) | |
| 5821 NW 72nd Street | ) | |
| Kansas City, MO 64151 | ) | |
| | ) | Case No.: _____ |
| Plaintiff, | ) | |
| | ) | Division: _____ |
| v. | ) | |
| | ) | |
| **EMPOWER RETIREMENT, LLC** | ) | |
| *Serve at:* | ) | **REQUEST FOR JURY TRIAL** |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR DAMAGES**
**(CASE TYPE: TJ)**

COMES NOW Plaintiff Jan Oates, by and through her attorney, and for her cause of action against Defendant Empower Retirement, LLC alleges as follows:

**Parties and Jurisdiction**

1. This is an employment case arising under the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010 *et seq*. ("MHRA") and 42 U.S.C. § 1981.

2. Plaintiff is a sixty-two-year-old female citizen of the United States, currently residing in Kansas City, Jackson County, Missouri.

3. Plaintiff is African American.

4. Defendant Empower Retirement, LLC ("Defendant") is a Colorado limited liability company that conducts substantial and continuous business in the state of Missouri.

5. Defendant maintains and operates a place of business at 11500 Outlook Street, Overland Park, Kansas 66211.

6. Defendant employs six or more people in the state of Missouri.

7. Defendant is an "employer" within the meaning of the MHRA.

8. Defendant conducts substantial and continuous business in the state of Missouri.

9. The unlawful conduct described herein occurred and/or was felt at Plaintiff's place of residence in Kansas City, Jackson County, Missouri.

10. This court has jurisdiction over the parties and subject matter of this action.

11. Venue is proper in Jackson County, Missouri, pursuant to MO. REV. STAT. §§ 508.010 and 213.111 because a substantial portion of the alleged discriminatory conduct occurred in Jackson County, Missouri.

### Administrative Procedures

12. On or about December 17, 2021, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant alleging discrimination based on age, race, national origin, and retaliation (attached as Exhibit 1 and incorporated herein by reference).

13. On July 21, 2022, the MCHR issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference).

14. The aforesaid Charge of Discrimination provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be as broad as the scope of a MCHR or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

15. This lawsuit is filed within ninety days of the issuance of the MCHR's Notice of Right to Sue.

16. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

17. This action is filed within the applicable statutes of limitations.

### Additional Factual Allegations

18. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

19. Plaintiff began working for Defendant in approximately 2007.

20. The last eight (8) years of her employment, Plaintiff worked as a Senior Account Representative.

21. Since approximately the last week of March 2020, Plaintiff performed her role remotely from her home.

22. Plaintiff continued to work from home up until her termination.

23. In approximately July 2020, during a conversation with her manager, Brandi Zien ("Manager Zien"), Plaintiff questioned why there were no African Americans in management.

24. Manager Zien reported the conversation to upper management, Director Angelo Leonardis ("Director Leonardis").

25. Shortly thereafter, Director Leonardis sent Plaintiff an email requesting a meeting.

26. Prior to this date, Plaintiff had never met with Director Leonardis.

27. During the conversation with Director Leonardis, Director Leonardis assured Plaintiff that Defendant was taking Plaintiff's complaint seriously, that he understood there was nobody who looked like Plaintiff in management, and that they were going to correct it.

3

28. Plaintiff then received a call from HR Representative Tomacita [Last Name Unknown] ("HR Tomacita") asking if Plaintiff wanted to file a complaint relating to the lack of diversity in management.

29. Plaintiff explained to HR Tomacita that she did believe the lack of diversity to be a problem and that each time Plaintiff applied for a promotion, someone with less seniority and experience was promoted over her. Plaintiff complained to HR Tomacita that this was improper.

30. Plaintiff further explained to HR Tomacita that she had been passed over for promotions four (4) or five (5) times while younger, Caucasian individuals were getting the opportunities.

31. Shortly after raising these concerns, Defendant started treating Plaintiff differently.

32. For example, Manager Zien told Plaintiff that she sounded mad or defensive when she talked.

33. Manager Zien told Plaintiff that she should not be so direct and should soften her voice to sound more fluffy.

34. Manager Zien next began critiquing Plaintiff's performance more harshly than before.

35. Manager Zien started claiming that Plaintiff was making performance errors.

36. Manager Zien began criticizing Plaintiff for working overtime.

37. Manager Zien implied that Plaintiff was stealing time from the company while working overtime, despite Plaintiff previously working overtime without issue and even though Plaintiff's similarly situated, Caucasian coworkers were allowed to work overtime.

38. Notably, Defendant's Vice President, Craig Jeffries ("VP Jeffries"), said that he did not care if people needed to work overtime so long as the work got done.

4

39. In December 2020, Plaintiff needed to take off work from December 17, 2020, through January 3, 2021, for health reasons.

40. When Plaintiff told Manager Zien about the doctor's order, Manager Zien said "well you gotta do what you gotta do."

41. On or about January 4, 2021, the day Plaintiff returned to work, Manager Zien gave Plaintiff a verbal warning for an alleged error she made prior to beginning leave.

42. Plaintiff requested documentation so she could see the alleged error, but Manager Zien said there was no proof of the error because it had already been fixed.

43. Manager Zien then told Plaintiff that she made six (6) errors the previous year. Manager Zien noted this was uncharacteristic of Plaintiff.

44. In approximately February 2021, Plaintiff received another verbal warning from Manager Zien for an alleged performance error.

45. In approximately June 2021, Plaintiff received a written warning from Manager Zien for another alleged performance error.

46. Plaintiff met with Manager Zien and Manager Jessica Sides ("Manager Sides") to discuss the write-up. Manager Sides explained that they wanted "the old Jan back". Plaintiff responded that she was trying to do everything they (management) asked of her, but "when I go left, you tell me to go right; when I go right, you tell me to go left".

47. On or about July 22, 2021, Manager Zien called Plaintiff and told her that Plaintiff no longer fit on the team.

48. Manager Zien explained that Plaintiff was not working to capacity so Defendant was going to let Plaintiff go.

5

**COUNT I**
**Violation under MO. REV. STAT. §§ 213.010 *et seq.***
**Age Discrimination (Termination)**

49. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

50. Plaintiff is over the age of forty and therefore a member of a protected class.

51. Plaintiff's age was at least a motivating factor in her termination.

52. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

53. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

54. Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

55. As shown by the foregoing, as a result of her age, Plaintiff suffered intentional discrimination by Defendant in violation of the MHRA.

56. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

57. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

58. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff.

59. Plaintiff expressly reserves her right to make a claim for punitive damages pursuant to the MHRA and MO. REV. STAT. § 510.261.5.

60. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation under MO. REV. STAT. §§ 213.010 *et seq.*
### Age Discrimination (Failure to Promote)

61. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

62. Plaintiff is over the age of forty and therefore a member of a protected class.

63. Plaintiff was qualified for management and supervisory positions for which she applied.

64. Defendant chose not to promote Plaintiff.

65. Instead, Defendant promoted younger, less qualified individuals.

66. Plaintiff's age was at least a motivating factor in Defendant's decisions not to promote her.

67. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the

7

scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

68. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

69. Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

70. As shown by the foregoing, as a result of her age, Plaintiff suffered intentional discrimination by Defendant in violation of the MHRA.

71. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

72. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

73. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff.

74. Plaintiff expressly reserves her right to make a claim for punitive damages pursuant to the MHRA and MO. REV. STAT. § 510.261.5.

75. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for

equitable relief, including but not limited to front-pay and injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

<u>COUNT III</u>
**Violation under MO. REV. STAT. §§ 213.010 *et seq*.**
**Race Discrimination (Termination)**

76. Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all of the above numbered paragraphs.

77. Plaintiff is black and therefore a member of a protected class pursuant to the MHRA.

78. Plaintiff's race was a motivating factor in Defendant's decision to terminate her employment.

79. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

80. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

81. Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

82. As shown by the foregoing, Plaintiff suffered intentional discrimination by Defendant in violation of the MHRA.

83. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

9

84. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

85. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff.

86. Plaintiff expressly reserves her right to make a claim for punitive damages pursuant to the MHRA and MO. REV. STAT. § 510.261.5.

87. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## <u>COUNT IV</u>
### Violation under MO. REV. STAT. §§ 213.010 *et seq.*
### Race Discrimination (Failure to Promote)

88. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

89. Plaintiff is African American and therefore a member of a protected class.

90. Plaintiff was qualified for management and supervisory positions for which she applied.

91. Defendant chose not to promote Plaintiff.

92. Instead, Defendant promoted less qualified Caucasian individuals.

93. Plaintiff's race was at least a motivating factor in Defendant's decisions not to promote her.

94. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

95. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

96. Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

97. As shown by the foregoing, as a result of her race, Plaintiff suffered intentional discrimination by Defendant in violation of the MHRA.

98. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

99. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

100. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others.

101. Plaintiff expressly reserves her right to make a claim for punitive damages pursuant to the MHRA and MO. REV. STAT. § 510.261.5.

Electronically Filed - Jackson - Kansas City - October 19, 2022 - 02:57 PM

102.     Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

<u>**COUNT V**</u>
**Violation under MO. REV. STAT. §§ 213.010 *et seq.***
**Retaliation**

103.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

104.     Plaintiff engaged in a protected activity pursuant to the MHRA by reporting her concerns of race and age discrimination to her managers.

105.     Plaintiff's exercise of her statutory rights was casually connected to her termination.

106.     Plaintiff's exercise of her statutory rights was casually connected to her verbal warning and written reprimand.

107.     At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

108.     Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

109.     Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

110.     As shown by the foregoing, as a result of her protected conduct, Plaintiff suffered intentional retaliation by Defendant in violation of the MHRA.

111.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

112.     As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

113.     Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff.

114.     Plaintiff expressly reserves her right to make a claim for punitive damages pursuant to the MHRA and MO. REV. STAT. § 510.261.5.

115.     Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for reasonable

attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law;

and for such other and further legal and equitable relief as the Court deems just and proper.

<u>COUNT VI</u>
**Violation under 42 U.S.C. § 1981**
**Race Discrimination**

116.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth

herein, all of the above numbered paragraphs.

117.    Plaintiff is African American and therefore a member of a protected class.

118.    Defendant terminated Plaintiff's employment.

119.    Defendant failed to promote Plaintiff.

120.    Plaintiff's membership in a protected class was at least a motivating factor in

Defendant's decision to terminate Plaintiff's employment.

121.    Plaintiff's membership in a protected class was at least a motivating factor in

Defendant's decision not to promote Plaintiff.

122.    Plaintiff's membership in a protected class was at least a motivating factor in

Defendant's decision to issue verbal warnings and written reprimands to Plaintiff.

123.    At all times mentioned herein, before and after, the above-described perpetrators

were agents, servants, and employees of Defendant, and were at all such times acting within

the scope and course of their agency and employment, and/or their actions were expressly

authorized by Defendant, thus making Defendant liable for said actions under the doctrine

of *respondeat superior*.

124.    Defendant failed to make good faith efforts to establish and enforce policies to

prevent illegal discrimination against its employees.

125.     Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including § 1981.

126.     Plaintiff suffered intentional discrimination at the hands of Defendant based on her race in violation of § 1981.

127.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

128.     As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

129.     By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

130.     Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

131.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendant as provided in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court enter judgement in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as

15

allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

<div align="center">

**COUNT VII**
**Violation under 42 U.S.C. § 1981**
**Retaliation**

</div>

132.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

133.     By reporting her concerns of race discrimination in the workplace, Plaintiff engaged in a protected activity.

134.     Defendant disciplined Plaintiff.

135.     Defendant terminated Plaintiff's employment.

136.     Plaintiff's exercise of statutory rights was at least a motivating factor in Defendant's decision to terminate, to not promote, and to discipline Plaintiff.

137.     At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

138.     Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal retaliation against its employees.

139.     Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including § 1981.

140. As shown by the foregoing, as a result of Plaintiff's complaints, Plaintiff suffered intentional retaliation at the hands of Defendant based on her protected activity in violation of § 1981.

141. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

142. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and relate compensatory damages.

143. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized retaliation against Plaintiff.

144. Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

145. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant as provided in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court enter judgement in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff requests a trial by jury, in the Circuit Court of Jackson County, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Marc N. Middleton
Marc N. Middleton    Mo. Bar #60002
m.middleton@cornerstonefirm.com
Megan Lowe Stiles    Mo. Bar #69202
m.stiles@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone        (816) 581-4040
Facsimile        (816) 741-8889
ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - October 19, 2022 - 02:57 PM

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 563-2022-00770 |
| [X] EEOC | |

Missouri Commission on Human Rights and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Jan Oates | (816) 581-4040 | ------------------ |

| Street Address | City, State and ZIP Code |
|---|---|
| 5821 NW 72nd Street | Kansas City, Missouri 64151 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Empower Retirement, LLC | 700+ | N/A |

| Street Address | City, State and ZIP Code |
|---|---|
| 11500 Outlook Street | Overland Park, Kansas 66211 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[X] RETALIATION [X] AGE [ ] DISABILITY [ ] GENETIC INFORMATION

[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest — Latest

2007 - Present

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))

See Attached Statement of Particulars

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| 11/19/2021 | _JanVOates_ JanVOates (Nov 19, 2021 09:58 CST) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|---|
| Date | Charging Party Signature | |

<u>Attachment to EEOC Form 5 – Jan Oates</u>

I, Jan Oates, bring this Charge of Discrimination against Respondent – Empower Retirement, LLC. Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"), 42 U.S.C. §§ 1981 et seq. ("1981"), 29 U.S.C. §§ 621 *et seq.* ("ADEA"), and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 *et seq.* ("MHRA"). I am an employee of Respondent and a member of a protected class pursuant to Title VII, 1981, ADEA, the MHRA, and the anti-retaliation provisions thereof, because of my race (black) and age (61 years old). The specific facts that give rise to my claims are as follows:

I was hired to work for Respondent in approximately 2007 at Respondent's office located at 11500 Outlook Street, Overland Park, Kansas 66211. In approximately late March 2020, I began working for Respondent from my home located in Kansas City, Missouri. Importantly, I continued to work for Respondent from my home through my termination.

In approximately July 2020, Manager Brandi Zien ("Manager Zien") (white) was checking in on everyone and asking how they were doing. Manager Zien called me for a one-on-one and asked how I was handling the pandemic. I told Manager Zien, "It's a scary thing to walk around with masks on and making sure you're sanitizing." Manager Zien then said, "Well, what about with everything else going on?" I asked Manager Zien if she meant with the racial tension going on surrounding George Floyd. She responded, "Yeah, how do you feel about that?" I responded, "I'm numb, you keep waking up and seeing another black man that was killed, but this one was different because we all witnessed him take his last breath. I worry about my son, husband, and grandson, and I'm always asking them what time they're going to leave, where they're going, if an officer pulls you over just follow what they say." Manager Zien stated that she can imagine it's been rough, and asked if there was anything else going on. I responded, "Well, it's amazing how

1

all of a sudden all these companies want to talk about diversity. We are not diverse at all, I've been with this company thirteen (13) years, and it's frustrating for me because when I look out there, I see no one like me who works in management." Manager Zien responded that there would be some changes. I then stated, "You can't tell me that with all the black people that walk through here, no one is management material."

Shortly thereafter, Manager Zien reported our conversation to upper management, Director Angelo ("Archie") Leonardis ("Director Leonardis") (white), who sent me an e-mail stating he would like to talk to me. I agreed, and Director Leonardis set up a meeting with me. Interestingly, I had never met with Director Leonardis before. Director Leonardis assured me they were taking my complaint seriously, they understood that no one who looks like me works in management, but they were going to correct it.

I then received a call from HR Representative Tomacita [Last Name Unknown] ("LNU") ("HR Tomacita"), saying it was brought to her attention that I had some questions about Respondent. I responded that I did not have any questions, I had just made a statement. HR Tomacita then asked if I wanted to file a complaint. I asked, "For what?" HR Tomacita responded, "Well your manager wanted to know if you wanted to file a complaint because you said you saw no blacks in management." I responded that yes, I did say that, it's very clear that each time I've applied for a promotion, someone with less time and experience was promoted over me, and that doesn't seem right. I further stated that I've been overlooked at least four (4) or five (5) times and, other people are getting more opportunities than me. Notably, everyone promoted over me has been white, and in their twenties (20s) or early thirties (30s).

Ever since these conversations, Respondent began treating me differently. For example, Manager Zien told me that when I talk I sound mad or defensive, I should not be so direct, and I

need to sound more fluffy. When I went around and asked team members if I had offended them, they all said no. Manager Zien then started claiming I was making lots of performance errors. Further, Manager Zien began getting mad at me for working overtime and acting like I was stealing money from Respondent, even though other employees worked overtime too, and Respondent had no problem with me working overtime previously. Notably, Vice President Craig Jeffries ("VP Jeffries") has said in meetings that he does not care if people need to work overtime as long as the work gets done.

In approximately December 2020, my doctor told me I needed to take time off because my blood pressure was high, I was not sleeping, and my bloodwork showed that my sugar and thyroid numbers were off the chart. My doctor gave me a note stating that I needed to take off work from on or about December 17, 2020, through on or about January 3, 2021. When I told Manager Zien this, she had an attitude and said, "Well you gotta do what you gotta do." I offered to scan and send the note to Manager Zien, but she said no.

On or about January 4, 2021, the day I returned to work, Manager Zien gave me a verbal warning for an alleged error I made prior to beginning my leave. When I asked for documentation showing the alleged error, Manager Zien responded that she did not have it because the error was already fixed. Manager Zien then said I made six (6) errors the previous year and that was not like me, I had gone from zero (0) errors to six (6) errors. In approximately February 2021, I received another verbal warning from Manager Zien for an alleged performance error.

In approximately June 2021, I was written up by Manager Zien for another alleged performance error. When I met with Manager Zien and Manager Jessica Sides ("Manager Sides") (white) to discuss the write-up, Manager Sides stated she wanted the old Jan back, and they were not seeing me at my capacity. I responded, "I can only do what you guys tell me to do, when I go

left you tell me to go right, when I go right you tell me to go left, and I don't trust [Manager Zien] anymore."

On or about July 22, 2021, Manager Zien called me and stated that I no longer fit the team. When I asked, "What do you mean?", Manager Zien responded that I was not working to capacity and so they were going to have to let me go. Interestingly, when I filed for unemployment, Respondent told the unemployment investigator that I had quit my job to take a position with another company.

In sum, I am a member of a protected class under Title VII, 1981, the ADEA, the MHRA, and the anti-retaliation provisions thereof. As a result of Respondent's actions, I am seeking back-pay, front-pay, emotional distress damages, punitive damages, attorneys' fees, and any other remedy the Commission deems appropriate.


**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS** **2216-CV24575**
# MISSOURI COMMISSION ON HUMAN RIGHTS

**MICHAEL L. PARSON**
GOVERNOR

**ANNA S. HUI**
DEPARTMENT DIRECTOR

**TIMOTHY FABER, DMIN.**
COMMISSION CHAIR

**ALISA WARREN, PH.D.**
EXECUTIVE DIRECTOR

July 21, 2022

Jan Oates
5821 N.W. 72nd Street
Kansas City, MO  64151
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:    Oates vs. Empower Retirement, LLC
       FE-12/21-33931     563-2022-00770

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)



**JEFFERSON CITY OFFICE**
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO. 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

**ST. LOUIS OFFICE**
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

**KANSAS CITY OFFICE**
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

**SIKESTON OFFICE**
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
Website: labor.mo.gov/mohr    E-Mail: mchr@labor.mo.gov

RE:    Oates vs. Empower Retirement, LLC
FE-12/21-33931    563-2022-00770

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Empower Retirement, LLC
Human Resources Director
11500 Outlook Street
Overland Park, KS  66211

Megan Stiles
Cornerstone Law Firm
*Via Email*

☑ JEFFERSON CITY OFFICE
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Electronically Filed - Jackson - Kansas City - October 19, 2022 - 03:12 PM

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **JAN OATES** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| **EMPOWER RETIREMENT, LLC** | ) | Division: _____ |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE AND DESIGNATION OF LEAD ATTORNEY**

COMES NOW, Jan Oates, by and through her counsel of record, Marc N. Middleton, and hereby states the following:

1. The Lead Attorney of Record in the aforementioned case is:

Marc N. Middleton        MO BAR #60002
m.middleton@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone:           (816) 581-4040
Facsimile:            (816) 741-8889

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:    /s/ Marc N. Middleton_____
Marc N. Middleton      Mo. Bar #60002
m.middleton@cornerstonefirm.com
Megan Lowe Stiles     Mo. Bar #69202
m.stiles@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone           (816) 581-4040
Facsimile            (816) 741-8889

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Kansas City - October 19, 2022 - 03:24 PM

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **JAN OATES** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| **EMPOWER RETIREMENT, LLC** | ) | Division: _____ |
| | ) | |
| Defendant. | ) | |

### MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, Jan Oates, by and through her attorney of record, and for her Motion for Approval/Appointment of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

Alisha Allen PPS22-0001
Sallie Bailey PPS22-0003
Carl Barnett PPS22-0254
Thomas Bogue PPS22-0118
Matthew Bohrer PPS22-0258
Arthur Boyer PPS22-0006
Scott Brady PPS22-0008
Nicholas Bull PPS22-0011
Gary Burt PPS22-0012
Bobby Calvert PPS22-0124
Carolyn Champlin PPS22-0013
Michael Conklin PPS22-0267
Lisa Corbett PPS22-0269
Norman Diggs PPS22-0274
Edwina Ditmore PPS22-0275
Andrew Downs PPS22-0016
Chris Drummond PPS22-0017
William Ferrell PPS22-0022
Robert Finley PPS22-0023
Dana Fortner PPS22-0286
John Frago PPS22-0026
Brad Gordon PPS22-0144
Tom Gorgone PPS22-0145
Charles Gunning PPS22-0028
James Hannah PPS22-0030
Rufus Harmon PPS22-0031
Zackery Hayes PPS22-0033
Stephen Heitz PPS22-0035
Bridgette Hight PPS22-0293
Wendy Hilgenberg PPS22-0037

James Hise PPS22-0294
Tawanda Johnson PPS22-0166
Patrick Jones PPS22-0167
Chelsea Ketron PPS22-0044
Leisa Ketron PPS22-0045
Brent Kirkhart PPS22-0046
Janice Kirkhart PPS22-0047
Tyler Kirkhart PPS22-0048
Cody Kyser PPS22-0049
Raymond Land PPS22-0303
Frank Lundien PPS22-0055
Chad Maier PPS22-0312
Lyle Malcom PPS220-0313
Kenneth Marshall PPS22-0057
Michael Meador PPS22-0060
Maria Meier PPS22-0315
Heather Merfen PPS22-0061
Ashlyn Miller PPS22-0560
Matthew Millhollin PPS22-0062
Jason Moody PPS22-0065
Frederick Morbid PPS22-0576
Jeremy Nicholas PPS22-0194
Michael Noble PPS22-0196
Greg Noll PPS22-0068
Tory Owens PPS22-0071
Bob Peters PPS22-0327
Carrie Pfeifer PPS22-0203
Craig Poese PPS22-0073
Anthony Powell PPS22-0329
Dee Powell PPS22-0075

Samantha Powell PPS22-0076
William Powell PPS22-0077
Kim Presler PPS22-0078
Mark Rauss PPS22-0082
Jorge A Rivera PPS22-0214
Jason Rodgers PPS22-0088
Richard Roth PPS22-0091
Kathy Rulo PPS22-0338
Edna Russell PPS22-0093
Brenda Schiwitz PPS22-0094
Dylan Schneider PPS22-0340
Mark Schneider PPS22-0341
Westley Seifert PPS22-0220
Thomas Skinner PPS22-0224
Richard Skyles PPS22-0095
Anthony Spada PPS22-0228
Randy Stone PPS22-0229
Carrie Stroup PPS22-0350
Daniel Swinney PPS22-0578
Robert Torrey PPS22-0355
Lucas Traugott PPS22-0356
Daniel Wagner PPS22-0099
Kenneth Wallace PPS22-0100
Ryan Weekley PPS22-0101
Andrew Wheeler PPS22-0103
Andrew Wickliffe PPS22-0104
Gregory Willing PPS22-0105
Conni Wilson PPS22-0107
Allen Yoder PPS22-0366

Rod Yoder PPS22-0367
Stan Yoder PPS22-0368
Greg Zotta PPS22-0110

     who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:    /s/ Marc N. Middleton
        Marc N. Middleton    Mo. Bar #60002
        m.middleton@cornerstonefirm.com
        Megan Lowe Stiles    Mo. Bar #69202
        m.stiles@cornerstonefirm.com
        5821 NW 72nd Street
        Kansas City, Missouri 64151
        Telephone         (816) 581-4040
        Facsimile         (816) 741-8889

        **ATTORNEYS FOR PLAINTIFF**

*(Order on subsequent page)*

**<u>ORDER</u>**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted, and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____    _____

Judge or Clerk

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

JAN OATES,

                    **PLAINTIFF(S),**                **CASE NO. 2216-CV24575**

**VS.**                                             **DIVISION 3**

    **EMPOWER RETIREMENT, LLC,**

                    **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

    NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JERRI J ZHANG** on **09-FEB-2023** in **DIVISION 3** at **01:30 PM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

    A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

    At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

**/S/ JERRI J ZHANG**
JERRI J ZHANG, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MARC NELSON MIDDLETON, 5821 NW 72ND STREET, KANSAS CITY, MO 64151

Defendant(s):
 EMPOWER RETIREMENT, LLC

Dated:  27-OCT-2022

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Kansas City - October 19, 2022 - 03:24 PM

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **JAN OATES** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| **EMPOWER RETIREMENT, LLC** | ) | Division: _____ |
| | ) | |
| Defendant. | ) | |

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff, Jan Oates, by and through her attorney of record, and for her Motion for Approval/Appointment of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Alisha Allen PPS22-0001 | James Hise PPS22-0294 | Samantha Powell PPS22-0076 |
| Sallie Bailey PPS22-0003 | Tawanda Johnson PPS22-0166 | William Powell PPS22-0077 |
| Carl Barnett PPS22-0254 | Patrick Jones PPS22-0167 | Kim Presler PPS22-0078 |
| Thomas Bogue PPS22-0118 | Chelsea Ketron PPS22-0044 | Mark Rauss PPS22-0082 |
| Matthew Bohrer PPS22-0258 | Leisa Ketron PPS22-0045 | Jorge A Rivera PPS22-0214 |
| Arthur Boyer PPS22-0006 | Brent Kirkhart PPS22-0046 | Jason Rodgers PPS22-0088 |
| Scott Brady PPS22-0008 | Janice Kirkhart PPS22-0047 | Richard Roth PPS22-0091 |
| Nicholas Bull PPS22-0011 | Tyler Kirkhart PPS22-0048 | Kathy Rulo PPS22-0338 |
| Gary Burt PPS22-0012 | Cody Kyser PPS22-0049 | Edna Russell PPS22-0093 |
| Bobby Calvert PPS22-0124 | Raymond Land PPS22-0303 | Brenda Schiwitz PPS22-0094 |
| Carolyn Champlin PPS22-0013 | Frank Lundien PPS22-0055 | Dylan Schneider PPS22-0340 |
| Michael Conklin PPS22-0267 | Chad Maier PPS22-0312 | Mark Schneider PPS22-0341 |
| Lisa Corbett PPS22-0269 | Lyle Malcom PPS220-0313 | Westley Seifert PPS22-0220 |
| Norman Diggs PPS22-0274 | Kenneth Marshall PPS22-0057 | Thomas Skinner PPS22-0224 |
| Edwina Ditmore PPS22-0275 | Michael Meador PPS22-0060 | Richard Skyles PPS22-0095 |
| Andrew Downs PPS22-0016 | Maria Meier PPS22-0315 | Anthony Spada PPS22-0228 |
| Chris Drummond PPS22-0017 | Heather Merfen PPS22-0061 | Randy Stone PPS22-0229 |
| William Ferrell PPS22-0022 | Ashlyn Miller PPS22-0560 | Carrie Stroup PPS22-0350 |
| Robert Finley PPS22-0023 | Matthew Millhollin PPS22-0062 | Daniel Swinney PPS22-0578 |
| Dana Fortner PPS22-0286 | Jason Moody PPS22-0065 | Robert Torrey PPS22-0355 |
| John Frago PPS22-0026 | Frederick Morbid PPS22-0576 | Lucas Traugott PPS22-0356 |
| Brad Gordon PPS22-0144 | Jeremy Nicholas PPS22-0194 | Daniel Wagner PPS22-0099 |
| Tom Gorgone PPS22-0145 | Michael Noble PPS22-0196 | Kenneth Wallace PPS22-0100 |
| Charles Gunning PPS22-0028 | Greg Noll PPS22-0068 | Ryan Weekley PPS22-0101 |
| James Hannah PPS22-0030 | Tory Owens PPS22-0071 | Andrew Wheeler PPS22-0103 |
| Rufus Harmon PPS22-0031 | Bob Peters PPS22-0327 | Andrew Wickliffe PPS22-0104 |
| Zackery Hayes PPS22-0033 | Carrie Pfeifer PPS22-0203 | Gregory Willing PPS22-0105 |
| Stephen Heitz PPS22-0035 | Craig Poese PPS22-0073 | Conni Wilson PPS22-0107 |
| Bridgette Hight PPS22-0293 | Anthony Powell PPS22-0329 | Allen Yoder PPS22-0366 |
| Wendy Hilgenberg PPS22-0037 | Dee Powell PPS22-0075 | |

Rod Yoder PPS22-0367
Stan Yoder PPS22-0368
Greg Zotta PPS22-0110

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:      /s/ Marc N. Middleton
          Marc N. Middleton      Mo. Bar #60002
          m.middleton@cornerstonefirm.com
          Megan Lowe Stiles      Mo. Bar #69202
          m.stiles@cornerstonefirm.com
          5821 NW 72nd Street
          Kansas City, Missouri 64151
          Telephone              (816) 581-4040
          Facsimile              (816) 741-8889

          **ATTORNEYS FOR PLAINTIFF**

*(Order on subsequent page)*

Electronically Filed - Jackson - Kansas City - October 19, 2022 - 03:24 PM

## **<u>ORDER</u>**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted, and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

10/27/2022     *Jennifer Brookshire*
DEPUTY COURT ADMINISTRATOR

 IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JERRI J ZHANG | **Case Number: 2216-CV24575** |
| Plaintiff/Petitioner:<br>JAN OATES | Plaintiff's/Petitioner's Attorney/Address<br>MARC NELSON MIDDLETON<br>5821 NW 72ND STREET<br>KANSAS CITY, MO 64151 |
| **vs.** | |
| Defendant/Respondent:<br>EMPOWER RETIREMENT, LLC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | EMPOWER RETIREMENT, LLC<br>Alias: |

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER



**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**JACKSON COUNTY**

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    <u>06-JAN-2023</u>                             _____
        Date                                        Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
    _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to

    _____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
   Printed Name of Sheriff or Server                Signature of Sheriff or Server

*(Seal)*     **Must be sworn before a notary public if not served by an authorized officer:**

     Subscribed and sworn to before me on _____ (date).

     My commission expires: _____    _____
                         Date                         Notary Public

---

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $ | _____ |
| Non Est | $ | _____ |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | _____ ( _____ miles @ $. _____ per mile) |
| **Total** | **$** | _____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see
Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 23-SMCC-181    1    of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00089-BP    Document 1-1    Filed 02/09/23    Page 38 of 47

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | | |
|---|---|---|---|
| **JAN OATES** | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No.: | 2216-CV24575 |
| | ) | | |
| **EMPOWER RETIREMENT, LLC** | ) | Division: | 3 |
| | ) | | |
| Defendant. | ) | | |

**ENTRY OF APPEARANCE**

COMES NOW, Megan L. Stiles, of Cornerstone Law Firm, and hereby enters her

appearance as additional counsel for Plaintiff Jan Oates.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:  /s/ Megan L. Stiles
       Marc N. Middleton    Mo. Bar #60002
       m.middleton@cornerstonefirm.com
       Megan Lowe Stiles    Mo. Bar #69202
       m.stiles@cornerstonefirm.com
       5821 NW 72nd Street
       Kansas City, Missouri 64151
       Telephone          (816) 581-4040
       Facsimile           (816) 741-8889

       **ATTORNEYS FOR PLAINTIFF**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

☒ AT KANSAS CITY          ☐ AT INDEPENDENCE

| JAN OATES | NO 2216-CV24575 |
|---|---|
| VS. | ☒ CIRCUIT JUDGE |
| EMPOWER RETIREMENT, LLC | ☐ ASSOCIATE CIRCUIT JUDGE |
| | ☐ SMALL CLAIMS |

## MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS
### INSTRUCTIONS FOR ALIAS SUMMONS

☒ PRIVATE PROCESS          ☐ CIVIL PROCESS

☒ ISSUE ALIAS SUMMONS TO DEFENDANT

EMPOWER RETIREMENT, LLC

120 SOUTH CENTRAL AVE.

CLAYTON, MO  63105

ST. LOUIS COUNTY
COUNTY OF SERVICE

CASE CONTINUED TO: _____

☐ PREPARE TRANSCRIPT OF JUDGMENT

☐ AUTHENTICATED  ☐ CERTIFIED  ☐ RECORD AS LIEN
☐ W/LETTER

## REQUESTED BY

| MEGAN LOWE STILES          69202 | /S/ MEGAN LOWE STILES |
|---|---|
| NAME OF ☐ CREDITOR ☐ ATTORNEY & BAR NO. | SIGNATURE |
| 5821 NW 72ND STREET | 816-581-4040 |
| ADDRESS | PHONE |
| KANSAS CITY          MO          64151 | 12/22/22 |
| CITY          STATE          ZIP | DATE |

## Please Provide Original & Copy

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | | |
|---|---|---|---|
| **JAN OATES** | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No.: | 2216-cv24575 |
| | ) | | |
| **EMPOWER RETIREMENT, LLC** | ) | Division: | _____3_____ |
| | ) | | |
| Defendant. | ) | | |

**ENTRY OF APPEARANCE AND DESIGNATION OF LEAD ATTORNEY**

COMES NOW, Jan Oates, by and through her counsel of record, Marc N. Middleton, and

hereby states the following:

1.  The Lead Attorney of Record in the aforementioned case is:

Marc N. Middleton     MO BAR #60002
m.middleton@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone:       (816) 581-4040
Facsimile:       (816) 741-8889

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:    /s/ Marc N. Middleton
       Marc N. Middleton    Mo. Bar #60002
       m.middleton@cornerstonefirm.com
       Megan Lowe Stiles    Mo. Bar #69202
       m.stiles@cornerstonefirm.com
       5821 NW 72nd Street
       Kansas City, Missouri 64151
       Telephone      (816) 581-4040
       Facsimile      (816) 741-8889

**ATTORNEYS FOR PLAINTIFF**



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 2216-CV24575 |
|---|---|
| JERRI J ZHANG | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| JAN OATES | MARC NELSON MIDDLETON |
| | 5821 NW 72ND STREET |
| vs. | KANSAS CITY, MO 64151 |
| Defendant/Respondent: | Court Address: |
| EMPOWER RETIREMENT, LLC | 415 E 12th |
| | KANSAS CITY, MO 64106 |
| Nature of Suit: | |
| CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **EMPOWER RETIREMENT, LLC**
Alias:

**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO 63105**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

27-OCT-2022
Date

_____
Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                    Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 22-SMCC-9748    1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00089-BP    Document 1-1    Filed 02/09/23    Page 43 of 47

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                              Circuit Court of Jackson County

6/2020

FILED
DIVISION 3
23-Jan-2023  09:08
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _____

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| JAN OATES, | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 2216-CV24575** |
| vs. | ) | **Division 3** |
| | ) | |
| EMPOWER RETIREMENT, LLC, | ) | |
| Defendant. | ) | |

## AMENDED ORDER FOR CASE MANAGEMENT CONFERENCE

NOW on this day, the Court sets the above matter for case management conference on

**February 9, 2023 at 1:30 PM** via telephone. Please call the toll-free number 1-877-873-8017

and enter the access code 9926835.

**IT IS SO ORDERED.**

_23-Jan-2023_____          _____
Date                                                                        HON. JERRI J. ZHANG
                                                                                  Judge, Division 3


CC:      All counsel via e-Notification

## AFFIDAVIT OF SERVICE

State of Missouri        County of Jackson        Circuit Court

Case Number: 2216-CV24575

Plaintiff:
**JANE OATES**
vs.
Defendant:
**EMPOWER RETIREMENT LLC**



POW2023000283

For: CORNERSTONE LAW FIRM

Received by D & B Legal Services, Inc. on the 10th day of January, 2023 at 2:16 pm to be served on **EMPOWER RETIREMENT LLC C/O REGISTERED AGENT: C T CORPORATION SYSTEM, 120 SOUTH CENTRAL AVENUE, CLAYTON, MO 63105** I, _VINK KNUSS_, being duly sworn, depose and say that on the _12_ day of _JAN_, 20_23_ at _4:30_ _p_.m., executed service by delivering a true copy of the **Summons in Civil Case, Petition For Damages, Charge of Discrimination, Notice Of Right To Sue** in accordance with state statutes in the manner marked below:

(X) CORPORATE SERVICE: By serving _JOANNA CHARMA_ as _INTAKE SPECIALIST_.

( ) CORPORATE SERVICE AT ALTERNATE ADDRESS: By serving _____ as _____ at the alternate address of _____.

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _12_ day of _JAN_, _23_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: 2023000283

LAWANDA RAUSS
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES SEPTEMBER 10, 2024
ST. LOUIS CITY
COMMISSION #12393005

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

<div style="position: absolute; right: 0; top: 0; writing-mode: vertical-rl;">Electronically Filed - Jackson - Kansas City - January 26, 2023 - 01:27 PM</div>

| Judge or Division:<br>JERRI J ZHANG | Case Number: 2216-CV24575 |
|---|---|
| Plaintiff/Petitioner:<br>JAN OATES | Plaintiff's/Petitioner's Attorney/Address<br>MARC NELSON MIDDLETON<br>5821 NW 72ND STREET<br>KANSAS CITY, MO 64151 |
| vs. | |
| Defendant/Respondent:<br>EMPOWER RETIREMENT, LLC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: EMPOWER RETIREMENT, LLC
Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

### PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

06-JAN-2023
Date

Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server

_____ Signature of Sheriff or Server

*(Seal)* **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____ Date

_____ Notary Public

### Sheriff's Fees

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-181** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00089-BP Document 1-1 Filed 02/09/23 Page 47 of 47